SHANK *v.* THE STATE on the relation of ROBINSON.

EVIDENCE.— One party cannot, by consenting to the admission of irrelevant evidence offered by the other, acquire a right to introduce evidence equally irrelevant.

Shank *v*. The State on the relation of Robinson.

INSTRUCTIONS.—The court is not bound to remark upon the evidence in instructing the jury, and when it is done, it should be with great care, and the jury should be told that such observations are submitted to aid, and not to control them.

PRACTICE.—The Supreme Court will not reverse a cause for the reason that a mere preponderance of the evidence is against the verdict.

APPEAL from the *Tipton* Circuit Court.

FRAZER, C. J.—This was a prosecution for bastardy, resulting in a judgment against the defendant.

Three questions are presented for our consideration.

1. The prosecutrix, in her examination in chief, having testified, without objection, that her father was still living, so far as she knew, but had ceased to live with her mother for six or seven years, was asked, on cross-examination, why her father had left her mother. An objection to this question was sustained, and we think correctly. The whole subject had nothing whatever to do with the issue, *to-wit*: the paternity of the child with which the prosecutrix was pregnant. If, as is argued, the fact that she was without a father's protection was likely to excite the undue sympathy of the jury, the defendant's remedy was to have objected to it, and the court would undoubtedly have excluded it. He could not, by consenting to the admission of irrelevant evidence, acquire a right to introduce other evidence equally impertinent.

2. The court refused to instruct the jury that "if the prosecutrix had sexual connection with two or more persons about the time that she became pregnant, that, unexplained, places it beyond her power to say with certainty who the father of the child is."

The instruction asked was not a legal proposition, but merely a comment upon the evidence, doubtless just and rational, but nevertheless it announced a conclusion of fact, and not a legal inference. Justice is often promoted by such a remark from the presiding judge upon the evidence adduced, and it would not have been error to have submitted it in this case. But the court is not bound to remark

Shank *v.* The State on the relation of Robinson.

upon the evidence, and whenever it is done it should be with great care and caution, and the jury should always be distinctly told that such observations are submitted to aid them in making inferences from the evidence, and not to control them; that after all they are exclusively responsible for the facts which they shall find. The law of the case, the court must give to the jury when asked, and the jury must act upon it when given without question, in a civil case. There must be no confounding of the one with the other.

It is a grave question of policy, whether the presiding judge should discuss the evidence at all in his charge to the jury. It was the practice of the *English* judges to do so, and in this State it has not been prohibited, and so long as the *nisi prius* bench shall be occupied by gentlemen of integrity and learning, guided in the discharge of their duties by a love of impartial justice, it is not at all probable that the legislature will interfere to limit this authority, derived from the common law. Some of our States have, by legislation, restricted the judge to giving merely the law of the case to the jury, but it is not very evident that the certain administration of justice has been aided thereby.

3. Did the evidence sustain the verdict?

This question is argued before us as if we could reverse the case upon the ground that a mere preponderance of the evidence is against the verdict. It has been otherwise ruled so many scores of times by this court, and so many hundreds of times by appellate courts elsewhere, that we know not what more can be added to make the rule better understood.

In the case before us, the defendant and another man, both uncles of the prosecutrix, probably had sexual connection with her, the former twice and the latter once, about the time that she must have been impregnated, and she infers that the defendant begat the child from the fact that during the congress with him, at one time, her enjoyment and excitement were intense, no such fact existing with the other man. Assuming that the ground of her opinion.

was not reliable, we have a case in which the evidence, at best for the defendant, is precisely balanced, and if we reverse the case it must be because of that equipoise. No appellate court could do so without violating all that is settled upon the subject.

The judgment is affirmed, with five per cent. damages and costs.

*N. R. Overman* and *J. Green*, for appellant.

*G. W. Lowly* and *D. Moss*, for appellee.