THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES W. CLARK, Appellant.

(Argued June 4, 1886; decided June 25, 1886.)

ASIDE from certain questions as to the reception and rejection of evidence in regard to which this court held, that if there were any errors in the ruling, they were cured by the subsequent proceedings, the following extract from the opinion presents the questions discussed:

"No error was committed in accepting the juror Fairbanks as impartial and competent and in directing the prisoner to be tried separately from the others indicted with him; nor in refusing to restrict and narrow the cross-examination of the defendant.

"Although the juror had an impression as to the guilt or innocence of the prisoner, he testified that he would be governed by the evidence, and his previous impression would not influence his verdict. He added his belief that he could render an impartial verdict according to the evidence. And on fur-

ther examination he said he would give the prisoner the benefit of every reasonable doubt and acquit him if such doubt existed. The juror was competent within the established rule. The right of the prosecution to try the prisoner separately is fixed by statute. (Code of Crim. Pro., § 462.)

"While the cross-examination of the prisoner was protracted and severe we do not discover that the limitations of the law were exceeded by asking if he had been accused or charged with any thing criminal or disgraceful. The general history and mode of life of the witness threw light upon his character, and his degree of intelligence and business experience, while his other dealings with the Ulster county tract bore strongly upon his attempted explanation and were important facts in judging of its truth. How far such an examination may be carried is necessarily very much in the discretion of the court and we do not think that such discretion was unwisely exercised."

*William G. Tracey* for appellant.

*B. J. Shove* for respondent.

FINCH, J., reads for affirmance.
All concur, except RUGER, Ch. J., not sitting.
Judgment affirmed.