Filed Sept. 17, 1892.

---

No. 16,574.

## CONRAD v. THE STATE.

CRIMINAL LAW.—*Alibi.—Instructions.—Reasonable Doubt of Accused's Presence at Place of Crime at a Particular Time.*—In a prosecution for larceny, where the prosecuting witness has testified that the property was stolen on a certain night, it is not error to refuse an instruction to the effect that if the jury have a reasonable doubt, from the evidence, whether or not the accused was at the place of the crime on such night they must acquit.

SAME.—*Defining Alibi.*—It is not error to refuse to give the jury a definition of "alibi."

SAME.—*Jury Considering, Instructions.—Other Crimes.*—In determining a defendant's guilt or innocence, the jury can not consider the commission of other crimes by him; but it is not error to refuse to instruct the jury that they should not consider any act of the accused, which he has testified to, and which they believe to be wrong.

SAME.—*Reputation of Accused for Veracity.—Neighborhood Reports.*—If a man's neighbors generally say nothing about his truthfulness that fact

of itself may be evidence that his general reputation for truth is good; and whether or not he has such a reputation is a question for the jury.

From the Jasper Circuit Court.

*S. P. Thompson,* for appellant.

*J. T. Brown,* for the State.

OLDS, J.—The appellant, Joseph Conrad, was jointly indicted with one Sherman Cooper for larceny, and was tried and convicted.

The questions presented arise upon the ruling of the court in overruling the motion for a new trial, and relate to the sufficiency of the evidence and the giving and refusal to give instructions. No good can be accomplished by a discussion of the evidence. The evidence of the witnesses was conflicting, and there was impeaching evidence as to the character of several witnesses, but there was sufficient evidence tending to establish the guilt of the appellant to support the verdict of guilty.

The defendant sought to establish an *alibi,* and upon this subject the defendant requested the court to give the following instruction :

"4. If the jury, taking into consideration all the evidence, have a reasonable doubt as to whether the defendant was at the house of James Comer on the night of May 11th, 1891, the night said Comer claimed the meat was taken, the jury should find him not guilty."

The court refused to give the instruction, and counsel for the appellant claims that it is applicable to the evidence, and should have been given, and that the court gave no instruction covering the same point.

In instruction No. 5, given by the court, the jury is instructed that "An *alibi* is a legitimate and proper defence in a criminal action, and is to be judged by the jury as any other defence, by the evidence, and if the evidence thereof raises a reasonable doubt as to defendant's guilt in the mind of any juror, such juror should not vote to convict the defendant."

The instruction given by the court, we think, covers the proposition contained in the instruction refused, and more properly expresses the law. Indeed, we do not wish to be understood as holding that the instruction refused should have been given even if the court had not given instruction numbered five, for the instruction requested states that the defendant should not be found guilty if he was not at the house of Comer on the night of a certain date, the time when Comer claims the meat was taken. To make proof of his absence a good defence it must have raised a reasonable doubt as to his presence at the premises on the night the larceny was in fact committed, and not relate to a time when some witness, although it be the prosecuting witness, claimed the property was taken. A juror may have reasonable doubt as to whether a larceny was committed on a particular date, testified to by the witnesses, and yet have no doubt as to the fact that the defendant did actually commit the larceny. The date is only material as showing it to have been committed within the time for which there may be a conviction. It is a matter about which there is much more liability to be mistaken than there is in regard to the fact that goods were taken; but it is not necessary to determine whether the instruction requested correctly stated the law or not, for as we construe it the instruction given correctly stated the law relating to the *alibi* sought to be proven. It is contended that the word *alibi* is technical, and that its meaning was probably not grasped by the jury.

We think this is no valid reason for the giving of the instruction refused. The word is clearly defined in the dictionaries, and has been in common use in connection with the criminal law for ages, and certainly a juror sitting in a criminal case in which an *alibi* was sought to be proven, as one of the principal defences, would fully grasp and comprehend the meaning of the word when used by the court in an instruction.

The court gave instruction numbered six, requested by coun-

sel for the appellant, relating to circumstantial evidence, and then, on its own motion, gave instruction numbered three, relating to the same subject, and objection is made to some parts of instruction numbered three.    We have examined this instruction, and do not regard it as objectionable.    It tells the jury that. the existence of any fact may be established by circumstantial evidence, and that a conviction may be had on evidence entirely circumstantial, but that each fact necessary to a conviction must be proven beyond a reasonable doubt; that it is not necessary to produce on the minds of the jury an absolute certainty of the defendant's guilt, but if his guilt is established beyond a reasonable doubt it is sufficient, and that a reasonable doubt is a doubt having a foundation in reason.    If any more explicit definition of what constituted a reasonable doubt was desired on the part of the appellant, he should have requested it.

The court refused to give instruction No. 10, requested by counsel for appellant, which is as follows:    "10. The. defendant has testified in this case, and his testimony is to be received and weighed by the jury as the testimony of any other witness.    If the defendant, in his testimony, has stated any act of his own which the jury believe to be wrong, or should any crime have been mentioned by other witnesses as imputed to the defendant, other than the matter in the indictment, no juror should consider such testimony for the purpose of punishing the defendant for the crime here charged, nor must the jurors talk about it in the jury room for any such purpose, but free your minds from any such thing, and not permit it to prejudice or bias the judgment against the cause of the defendant.    All such evidence is only proper to be considered in determining the weight and credibility of defendant's own testimony; such evidence, if any, of other matters, apply to the defendant as a witness, and not otherwise."    Had the defendant requested the giving of an instruction, expressed in proper language, to the

effect that the admission, or evidence of the commission of other crimes should not be considered as establishing the commission of the crime charged by the defendant, but that such evidence was only admissible, and to be considered as affecting the credibility of the defendant, and the weight to be given to his testimony, it should have been given, but the instruction requested is too broad in its terms, and was liable to mislead the jury. It states in general terms that his testimony is to be received and weighed as that of any other witness, and if he has stated any act of his own which the jury believe to be wrong, it should not be considered by any juror for the purpose of punishing the defendant for the crime charged. This general statement is not limited to any wrong act other than such as are connected with the crime charged, and is broad enough to include a wrongful act relating to and tending to establish the commission of the crime charged to have been committed by the defendant, and this statement we do not think is limited so as to not have a tendency to mislead the jury. They are further told they are to free their minds from such evidence, and not permit it to prejudice or bias the juror's judgment against the cause of the defendant. These general statements are too broad, and the instruction was properly refused. We are cited by counsel for appellant to *Boyle* v. *State,* 105 Ind. 469, as supporting the theory that the instruction was improperly refused. The instruction refused is substantially the same as, if not in the main a literal copy of, the one given in that case, but all that is decided in that case is that the giving of the instruction was not error of which the appellant could avail himself for a reversal of the judgment, and with that we agree. The instruction is too favorable to the defendant, and could not harm him, and he would have no reason to complain of the giving of such instruction.

Objection is made to the modification of instructions 8 and 12. We have examined these instructions, and regard the modifications as proper. Another instruction

stating that " if a man's neighbors generally say he is untruthful that makes his general reputation for truth bad; but if, on the other hand, a man's neighbors generally say nothing about his truthfulness that fact of itself is evidence that his general reputation for truth is good," was requested and the court modified the latter clause, making it read, " that fact of itself may be evidence that his general reputation for truth is good. Whether it is or not is a question solely for the jury."

This change we regard as a proper modification. There may be circumstances under which there was no occasion for his neighbors to speak or some reason for their silence, although the reputation of the person may be bad and it is matter for the jury to determine what weight shall be given to such testimony, and the instruction more properly expressed the law by changing it to read " that fact of itself may be evidence," this it did as originally drafted and the court very properly added the words " whether it is or not is a question solely for the jury." We do not regard the views we have expressed in conflict with the decision in the case of *Davis* v. *Foster*, 68 Ind. 238, cited by counsel.

Counsel complains of the ruling of the court in refusing to permit a certain letter to go in evidence. The letter is set out in the bill of exceptions in connection with the affidavit for a new trial. We are not referred to any such preliminary evidence as entitled the letter to go in evidence, and furthermore we are not referred to any portion of the record containing any offer on the part of the appellant to put the letter in evidence.

There is no error in the record.

Judgment affirmed.