## CENTRAL OF GEORGIA RAILWAY CO. *v.* DUFFEY.

1. In an action against a railroad company for damages on account of personal injuries sustained by reason of the derailment and overturning of a car which the plaintiff was in, evidence that another car of the defendant was overturned on a near-by but different track, three months prior to the time the plaintiff's injuries were received, was not relevant to prove negligence on the part of the defendant at the time and place alleged in the petition ; but in this case it appears that the failure to rule out such evidence worked no harm to the defendant.

2. It is within the discretion of the trial judge to permit a witness who has been examined, and after conference with counsel, to take the stand a second time and correct his testimony as originally given ; and such discretion will not be controlled unless it has been manifestly abused.

3. A railroad company can not avoid liability for injuring one who is rightfully upon its train, by showing that its servants notified his employer to have him leave the train by a certain time, and that if the employer had acted upon this notice and the plaintiff had left the train before that time, the injuries complained of would not have been inflicted.

4. Ignorance by the servants of a railroad company of the presence in one of its cars of one who was rightfully there will not, without more, relieve the company of liability for damage done by reason of its negligence.   The circumstances must be such that the servants of the company had no reason to suspect his presence in the car.

5. It is not error for the trial judge upon the trial of an action for damages against a railroad company, in illustrating to the jury the method of using the mortality and annuity tables, to use for example a figure approximating that shown by the evidence to be the plaintiff's age.

6. The requests to charge, so far as legal and pertinent, were covered by the general charge ; the amount of damages awarded by the jury was not excessive ; and the evidence supported the verdict.

Argued July 6, — Decided August 9, 1902.

Case.   Before Judge Nottingham.   City court of Macon.   November 25, 1901.

*Hall & Wimberly* and *J. E. Hall,* for plaintiff in error.
*Guerry & Hall* and *M. Felton Hatcher,* contra.

FISH, J.  This was a suit for damages on account of personal
injuries alleged to have been sustained by the plaintiff by reason
of the negligence of the defendant.  The petition alleged that, at
the time the injuries complained of were inflicted, the plaintiff was
employed by one Sanders as a laborer to sack and load corn in cars
of the railroad company, which had been placed for that purpose
on a track that was in its possession and under its control; that
while he was in a car of the defendant, engaged in the performance
of such work, the servants of the company, without warning to
him, coupled an engine and cars to the car that he was in, and
moved off with the train thus formed; that after going a short dis-
tance, and while moving at a moderate speed, the car that the plain-
tiff was in, owing to its defective condition and to defects in the
track and roadway of the defendant, ran off the track and was
turned over, as a result of which the plaintiff received the injuries
on account of which he sued.  The answer of the defendant de-
nied all the material allegations of the petition.  On the trial of
the case the jury returned a verdict for the plaintiff for $1,000
damages.  The defendant made a motion for a new trial, which was
overruled, and it excepted.

1.  One ground of the motion for a new trial complained that the
court erred in refusing to rule out, on motion of counsel for the de-
fendant below, certain evidence to the effect that, about three months
prior to the time the plaintiff received his injuries, another car of
the defendant had been overturned on a different track, but in the
vicinity of the place where the car in which the plaintiff was at
work when injured was derailed.  This testimony was given by a
witness for the plaintiff, on cross-examination.  The evidence was
not relevant to prove negligence on the part of the defendant at the
time and place of the injuries complained of.  But in view of the
fact that there was ample evidence to support a finding that the
railroad company was negligent on the particular occasion when
the plaintiff was injured, and that no harm appears to have been
done the defendant by the refusal to exclude the objectionable evi-
dence, this ground of the motion furnishes no reason for reversing
the judgment of the court below refusing a new trial.

2.  It appears from the record that, at the conclusion of the cross-

examination of a witness for the plaintiff, counsel for the plaintiff stated to the court that he had no further questions to ask the witness at that time, but that he might desire to recall him later. Subsequently, after a conference with this witness, plaintiff's counsel again placed him on the stand, and the witness changed his testimony as originally given, stating that he had been mistaken in the answers that he had made to certain questions when first asked him. Counsel for the defendant objected to the reintroduction of this witness, on the ground that all the witnesses were under the rule, and that to allow a witness thus to correct his testimony after a conference with counsel would defeat the object of the rule. The court overruled the objection and allowed the witness to testify a second time. Error was assigned upon this ruling. We are unable to see what bearing the rule of the separation of witnesses has upon the question of the right of a party to recall a witness to the stand after he has been once examined and after he has conferred with counsel for the party so reintroducing him. There is no law in this State which forbids an attorney to confer with a witness, either before or after his examination in court, and certainly there is no law against recalling a witness to the stand for any legitimate purpose. It is so well settled as to need no citation of authority, that matters pertaining to the reopening of a case and the reintroduction of witnesses are within the sound discretion of the trial judge, and that unless such discretion is shown to have been manifestly abused (which was not done in this case), it will not be controlled by this court.

3. Error was also assigned upon the refusal of the court, upon request of counsel for the defendant, to charge, in effect, that if the jury should believe that the servants of the railroad company had notified Sanders, the plaintiff's employer, that the car in which the plaintiff was working would be moved by a certain time, and to finish sacking the corn by that time; that if the defendant's servants did not move the car until after the time specified; and that if the failure of the plaintiff to leave the car before it was moved was due to the failure of Sanders to notify him to leave it, they would be authorized to find "that the injury was not caused proximately by the act or negligence of the defendant in not notifying him, and that the plaintiff would not be entitled to recover." This request was very properly refused. If the plaintiff was rightfully in the

car, and the servants of the company knew or had reason to suspect his presence there, it was then the duty of the company to notify him that the car was about to be moved, and that duty could not be shifted to Sanders or to any one else not connected with the company. The warning to Sanders that the car would be moved at a certain time could in no sense be considered as a warning to the plaintiff, and the responsibility for the defendant's acts of negligence can not be placed upon him. If the defendant made Sanders its agent for the purpose of notifying the plaintiff when the car would be moved, it would be liable for his failure to carry out the object of his agency ; if he was not its agent, the railroad company can not escape liability to the plaintiff on account of a warning conveyed to Sanders which should have been communicated directly to the plaintiff.

4. Counsel for the defendant requested the court to charge the jury to the effect that if the servants of the defendant did not know of the presence of the plaintiff in the car at the time the train was moved, the company would not be liable. The court instead charged, in substance, that if the defendant did not know of the plaintiff's presence in the car at the time mentioned, and was not negligent in failing to know that he was in the car, it would not be liable. The refusal to charge as requested, and the charge as given, are assigned as error. There can be no doubt as to the correctness of the instruction given by the court. To have charged without qualification that mere ignorance on the part of the defendant as to the presence of the plaintiff in the car would have excused the defendant from liability would have been manifestly erroneous; for it would have taken from the jury the consideration of one of the most important questions in the case, viz., whether the very ignorance behind which the defendant attempted to shield itself was of itself negligence. The charge as given was correct, and furnished no reason for granting a new trial.

5. Complaint was also made of the instructions given by the court as to the use by the jury of the mortality and annuity tables. The portion of the charge here excepted to is quite lengthy, but the chief objection interposed seems to be that the court, in illustrating to the jury the manner of using the tables, took for example an age differing only by one year from what the evidence showed the plaintiff's age to be. The charge as given was sub-

stantially correct, and we think there is no merit in the objection made to the method of illustration employed by the trial judge. We do not perceive how any harm could have been done the defendant simply because the·judge, in demonstrating to the jury the use of the tables, used for example the figures 45, while the evidence showed that the plaintiff was 44 years old.

6. The foregoing disposes of all of the grounds of the motion for a new trial which in our opinion require discussion. The requests to charge, so far as legal and pertinent, were fully covered by the general charge. The amount of the verdict, in view of the evidence as to the extent of the plaintiff's injuries, was by no means unreasonable. There was ample evidence to establish the right of the plaintiff to be in the car at the time his injuries were received, and to support a finding that the defendant was negligent, as charged in the petition, in bringing about those injuries. · The judgment of the trial court overruling the motion for a new trial will, ·therefore, not be disturbed.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*