## Chicago City Railway Company v. Theresa Walsh.

### Gen. No. 13,370.

1. VERDICT—*when not disturbed as excessive.* A verdict will not be disturbed as excessive unless the result reached is palpably and clearly the result of passion, prejudice or undue influence.

2. WITNESS—*power of court to permit correction of testimony by.* It is within the sound discretion of the trial judge to permit or refuse to permit a witness to retake the stand and make a correction in testimony already given.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed October 3, 1907.

WILLIAM J. HYNES, JOHN E. KEHOE AND WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

CHARLES M. FOELL AND EARL J. WALKER, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for personal injuries resulting to appellee from a collision between two cars owned and operated by appellant with electric motive power, at the intersection of Thirty-first and Wallace streets, Chicago, while appellee was a passenger on the colliding car running on Thirty-first street.

A trial in the Superior Court with a jury resulted in a verdict and judgment against appellant for $1,000, in an attempt to reverse which this appeal is prosecuted. But two reasons are urged in argument why the judgment of the court below should be reversed: First, that the damages awarded are grossly excessive, and second, for errors in the admission of improper evidence in behalf of appellee.

No fault is found with the pleadings or the instructions of the court upon the law. Neither is it contended that appellee was not injured in the collision between two of appel-

lant's electrically propelled cars, and entitled to recover some damages.

Appellant undoubtedly views the case as coming within the principle of *res ipsa loquitur,* and virtually concedes that its proof does not in law exculpate it from the negligence attributable to it or its liability to be cast in this action for damages for the resulting injury to appellee.

It is contended that appellee's injuries were serious and' some of them permanent, and this contention was maintained by the testimony of three reputable medical practitioners in Chicago. There is, it is true, countervailing testimony, medical and lay, which if believed by the jury to outweigh the array of proof of appellee, in numbers exceeding that of appellant, would tend to minimize, if it did not discredit, the entire claim of serious injury to appellee. As we have so often said, the reconciling of the conflict in the proof as to the injuries suffered, is the sole province of the jury in the first instance, as is also the determination of the amount of compensatory damages to be awarded, and when such conclusion has met the approval and sanction of the trial judge, manifested in his denial of a motion for a new trial, we are reluctant to disturb a judgment founded thereon unless the result so reached is palpably and clearly the result of passion, prejudice or undue influence. This is the trend of all the authorities touching this question, and they are so numerous and so uniform and so well known to the bar, and especially to the counsel in this cause, that to recite any of them would be a work of supererogation. We are satisfied that the damages assessed are not more than reasonably compensatory for the injuries suffered as the result of the negligence charged and proven and not disputed by appellant.

The remaining error relied upon as demanding a reversal of the judgment relates to a statement in the evidence of appellee as to the time during which she was totally incapacitated from working as the result of her injuries received in consequence of appellant's negligence. On her cross-examination she testified that she worked at Krieger's

Chicago City Ry. Co. v. Walsh.

Milk Company eleven months after the accident.   The fact is that she had not worked at Krieger's at all since the accident, but went to work in the Standard Laundry September 8th after the accident, which happened the June 25th previous.   She had worked both at Krieger's and the Standard Laundry before the accident, although she did not work at Krieger's after the accident at all, but in the laundry.   This departure from the facts by appellee was made to appear from a witness of appellant.   Dr. John Leaming had been sworn as a witness for appellant, and was in possession of the witness stand, when appellee's counsel moved the court for permission to recall appellee for the purpose of having her reform her testimony on this point.   An extended argument was made to the court for and against the allowance of such motion.   The arguments were somewhat heated and acrimonious at times, and the learned trial judge wavered in his ruling.   At a point where the attitude of the court seemed to counsel for appellee to indicate an adverse ruling in store for his client, he remarked, "I want to say this, and I say it right now, that unless this woman is permitted to go back upon the witness stand and correct the error she has made, I will withdraw from this case."   After this remark more argument in a colloquial manner was indulged by counsel for both parties, when counsel for appellant said: "In view of the statement of counsel here that he will withdraw from this case, under the present circumstances, and his admission of the situation here, I will rest right now."   He then withdrew Dr. Leaming from the witness stand and rested his defense.

Against the objection of opposing counsel appellee was recalled in rebuttal and allowed to correct her testimony as heretofore indicated.   At the conclusion of appellee's examination in rebuttal no further proof was proffered by either contestant.

The action of the court in permitting appellee to be recalled for the purpose of correcting her testimony, if she could, in the eyes of the jury, was but the exercise of a sound discretion inherent in all courts.   If we construe the words

of counsel for appellant correctly and his attitude in withdrawing his witness and resting his case, they were tantamount to, and a clear indication of, his assent to such a course being pursued.    He did not, after the testimony of appellee in rebuttal was heard, retract either his words or reverse his position.    He indicated his satisfaction to leave the settlement of the contention to the jury.    We are content to do likewise.    It is obvious that there was a wide departure from the facts on this point by appellee.    She was entirely wrong.    She admits it.    There is no room for discussion about it.    Notwithstanding she was wrong, that fact, in itself, is far from being conclusive that she swore falsely or intended by her evidence to deceive or mislead the jury. She may have been honestly mistaken.    It was for the jury to say, from their observation of the manner and appearance of appellee, together with all the other evidence, what weight, if any, should be given to her evidence containing this glaring departure from the truth.    They may have wholly disregarded her testimony in this as well as other matters about which she testified, and still have been of the opinion that the other evidence in the case justified a recovery.    The burden and the duty of the jury was to reconcile these discrepancies.    Appellee's evidence here challenged as false by appellant was fairly before the jury; its unreliability and falsity were urged upon them by counsel in argument.    There is in law a vast difference between honest though ignorant mistakes in testimony, and false swearing, with knowledge of falsity the latter of which constitutes perjury, while the former is entirely free from such a stricture.

There was nothing in the evidence of appellee on rebuttal that could possibly have prejudiced appellant's defense.    It was an admission of error, a confession of the unreliability of her testimony on that point, and a confirmation of the truth of the testimony of appellant's witness proving her testimony to have been wrong.

The errors argued are not sustained by the record, and the judgment of the Superior Court is affirmed.

*Affirmed.*