## CHARLESTON

### DOWLER v. GAS COMPANY.

Submitted June 10, 1911. · Decided December 10, 1912.

1. GAS—*Injuries—Care Required.*

    It is the duty of a company transporting and supplying natural gas, to so construct and maintain its pipe lines as to prevent the escape of gas in a manner that will injure the person or property of another. (p. 419).

2. SAME—*Injuries—Liability of Gas Company.*

    If a gas company is notified of a leak in its main which is likely to cause injury, and fails to repair it in a reasonable time thereafter, and injury results therefrom, it is liable. (p. 419).

3. SAME—*Evidence—Other Injuries from Same Cause.*

    Where injury is shown to have resulted from gas escaping from a leak in defendant's pipe line, evidence of other leaks in the same line, both before and after the injury, is admissible as tending to prove the bad condition of the pipe line. (p. 422).

4. SAME—*Injuries—Actions—Evidence.*

    Where the negligence averred is, that defendant suffered gas

to escape from its pipe line into the main sewer of a town, and thence through a private sewer connecting therewith to a privy located on private property where the injury occurred, it is competent to prove that, several months after the accident, on closing a valve in the main, the flow of gas in the sewer and into the privy ceased.   (p. 420).

5.   SAME—*Injuries—Actions—Question for Jury.*
A case in which it is held that, whether or not one who lights a match in a privy where he smells natural gas and is injured by a gas explosion, has been guilty of contributory negligence, is a question of fact for the jury.   (p. 421).

6.   WITNESSES—*Examinations—Discretion of Trial Court.*
Wide discretion is given to the trial court in matters pertaining to the examination of witnesses, and it is not error to permit a witness to be recalled, after having refreshed his recollection, to correct a mistake in his previous testimony as to a date.   (p. 422).

Error to Circuit Court, Marshall County.

Action by Wiley Dowler against the Citizens' Gas & Oil Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Walter S. Sugden, Chas. N. Kimball* and *Geo. M. Hoffheimer,* for plaintiff in error.

*C. C. Newman* and *Martin Brown,* for defendant in error.

WILLIAMS, JUDGE:

Defendant obtained this writ of error to a judgment rendered against it by the circuit court of Marshall county on the 16th of June, 1910, for $1,000, as damages for its alleged negligence resulting in a personal injury to plaintiff.

It appears that plaintiff was visiting his aunt, Martha Dowler, in the town of Cameron in August, 1909, and that while there he had occasion to use the privy, a small wooden structure, about 3x5 feet in size, standing in the yard a few feet from the house.   On entering he closed the door, seated himself and remained in there for several minutes.   When he had concluded his mission, he adjusted his clothes and, before opening the door, struck a match to relight his cigar which had gone out in the meantime, and there was a sudden explosion of gas, so terrific that it blew the door off its hinges, a portion of the roof off

the building, and blew plaintiff out through the door-way and up against the side of the dwelling house, severely burning him. A small sewer pipe leads from the vault of the privy and connects with the main sewer in the street. Defendant owns and operates a gas pipe line in the town, which is buried in the street very near to the sewer pipe, and which is parallel to it for a long distance. The negligence complained of is, that the defendant suffered the gas to escape from its pipe line into the main sewer, and thence through the small sewer into the privy, and that it accumulated in there in such quantity, in the short time plaintiff was in there, as to explode when he attempted to relight his cigar.

Plaintiff was a guest of Mrs. Dowler, and had a lawful right to use the privy; he was not a trespasser. It was the duty of defendant to so maintain its pipe lines as to prevent the escape of gas therefrom in such quantity and manner as to injure the person or property of another. 2 Sher. & Red. Neg., sec. 692;. *Koelch* v. *The Phila. Co.,* 152 Pa. St. 355; *Pine Bluff Water & Light Co.* v. *Schnieder,* 62 Ark. 109, 34 S. W. 547; *Consolidated Gas. Co.* v. *Crocker,* 82 Md. 113, 33 Atl. 423. In *Smith* v. *Boston Gas Light Co.,* 129 Mass. 318, it appears that plaintiff,. a child too young to testify, was found insensible, lying in bed: beside the body of its dead mother whose death was caused by escaping gas; that the escaping gas came from a crack in defendant's main in the street opposite the house; that there were no gas fixtures in the room; and it was there held that the evidence established *prima facie* negligence in defendant company,. although there was evidence that there was no smell of gas in the street on the day before.

W. A. Dowler, a witness for plaintiff, testified that, before the explosion, he notified G. L. Thomas, defendant's foreman, that gas was escaping from the sewer, and that Mr. Thomas thereafter told him that they had fixed the line, and that it was all right. But counsel for defendant do not controvert the question of defendant's liability, provided the proof is sufficient to show that the gas escaped from its line, and was the proximate cause of the injury.

One point urged by counsel for defendant is, that the evidence is not sufficient to prove the charge of negligence; that it proves:

nothing more than a mere probability. If this claim of counsel is true, of course it does not show liability. The evidence should be sufficiently definite as not to leave the jury to speculate as to the cause of the injury. *Moore* v. *Heat & Light Co.*, 65 W. Va. 552. But we think there is direct evidence to prove that it was the natural gas which found its way from a leak in defendant's pipe into the sewer, and thence to the privy, that exploded and caused plaintiff's injury. There is a good deal of conflict in the testimony of witnesses, but the jury had to settle the matter of conflict, and we have no right to disturb their verdict if there is any testimony which proves definitely that the gas that exploded, escaped from defendant's pipe into the privy. There are two or three gas pipe lines near to defendant's, owned by companies other than defendant, that parallel its line; and it is argued by counsel for defendant that the evidence does not definitely prove from which one of these several lines the gas escaped. We think, however, that the testimony of Ella Dowler and Lee Bonar does prove that it escaped from defendant's line. Ella Dowler says that the gas had been discernible in the privy for a year or more before the explosion, and that it continued thereafter until about March or April of the following year, when the defendant dug up the street in a place or two and did some work on its line, whereupon gas was no longer discernible in the privy. Lee Bonar says that the defendant was working on its pipe line about the last of February of the year after the accident, which fixes the time about the same as testified to by Ella Dowler; he also says that Mr. Crawford, who was defendant's general manager, asked him to go along with him to see what effect, if any, the shutting off of the gas in defendant's main line, at a certain point designated, would have upon the escape of gas from the sewer, and that the flow of gas from the sewer, almost immediately after this stop was closed in the main line, grew weaker and weaker, until that evening when none was discernible, and that "no gas has escaped from the sewer pipe since." The testimony of these two witnesses is certainly sufficient to connect the gas escaping from defendant's pipe line with the gas that found its way through the sewer into Mrs. Dowler's privy. That this test was not made until several months after the accident does not render the testimony inad-

missible, no change was made in the meantime, either in the sewer or in defendant's pipe line. 1 Wigmore on Evidence, sec. 437; 6 Thompson on Negligence, sec. 7870.

Another point insisted on in brief of counsel for defendant, is that plaintiff's proof shows him to have been guilty of such contributory negligence as to preclude recovery. Plaintiff admits that he could smell gas in the privy; but notwithstanding, he lighted the match which ignited the gas. It is urged that this shows that plaintiff's own negligence in lighting the match caused his injury. But was it not for the jury to say whether or not he was negligent? Can the court say, as matter of law, that it is negligence for one to strike a match in a room where natural gas is present in sufficient quantity to be detected by smelling it? It is a matter of common knowledge that natural gas is so volatile that it may be detected by the smell, even when so diffused with the atmosphere as not to be capable of being ignited. Therefore, just how strong the smell of natural gas would have to be in order to indicate danger by explosion is very uncertain. When plaintiff entered the privy he says he detected the smell of natural gas. But it is often detected out in the open air, and along the streets where there happens to be a leak in the gas main, and yet there is no danger from it. And when plaintiff closed the door he was doubtless unconscious that the volume of gas was constantly increasing in the privy because of the lack of ventilation. It can not be said, as a matter of law, that he was negligent, in view of the facts and circumstances, in attempting to light his cigar. It was, therefore, a question for the jury to determine whether or not, in striking the match, he did what no man of ordinary prudence would have done.

"It is not contributory negligence, as matter of law, to enter a cellar where gas is perceptibly escaping, or to search for the location of the leak with a light." 2 Sher. & Red. Neg., sec. 696. "It is not negligence per se to search for a gas leak with a lighted match." Pine Bluff Water & Light Co. v. Schnieder, supra.

Judge Peckham, in delivering the opinion of the court in the case of Schmeer v. Gas Light Co., 147 N. Y., at page 541, says: "Sometimes it is extremely dangerous to take a light to discover

the location of a gas leak and sometimes it is not, depending upon various circumstances, among others, upon the extent of the leak, the size of the inclosure where located and the length of time the leak has existed. The plaintiff's intestate, a boy of eighteen, took the candle with the statement that he had seen gas men take a candle to find a leak, and it is a fact that they do so upon some occasions. The whole case as to the contributory negligence of the plaintiff's intestate should be submitted to the proper judges of fact."

Whether or not plaintiff was negligent is a question of fact, proper for jury determination. The rule is that, "When the facts admitted to be true, or clearly proven and not denied, are such that reasonable men might draw different conclusions from them, the question of negligence is one for the jury." *Ewing* v. *Lanark Fuel Co.*, 65 W. Va. 726.

It was not error to admit evidence of a leak from defendant's pipe line, along the street at other places remote from the place of accident, both before and after the accident. Such evidence tended to prove the bad condition of defendant's pipe line. True, the declaration averred that the leak was "at, along or near where" the sewer from the closet connected with the sewer in the street. But those words, indicating proximity, must be taken in a relative sense. Plaintiff had a right to prove a leak in defendant's line, even though it was two or three hundred feet away, provided he could show such leak found its way to the main sewer and thence to Mrs. Dowler's privy.

It is urged that the court erred in permitting Ella Dowler, a witness for plaintiff, to be recalled for the purpose of making a correction in her testimony, relating to the time when defendant repaired its pipe line, after the explosion occurred. Wide latitude is given trial courts in matters pertaining to the examination of witnesses, and this Court will not reverse on account of the rulings of the trial court in respect thereto, unless it plainly appears that there has been an abuse of discretion to the prejudice of the party complaining. A witness who has made a mistake concerning the time when a particular thing, to which he has testified, took place, may be recalled for the purpose of correcting his error, after he has refreshed his memory. 40 Cyc.

2449; *Meyer* v. *Blakemore*, 54 Miss. 570; *Armstead's Case,* 7 Grat. 599; *Clarke* v. *Railroad Co.,* 39 W. Va. 732.

"Much latitude of discretion should be allowed the trial court in the matter of recalling witnesses, and its action will not be reversed by an appellate court except for palpable error." *Burke* v. *Shaver,* 92 Va. 345; *Tate* v. *Bank,* 96 Va. 765.

It is insisted that the court erred in giving plaintiff's third instruction. But we do not think it is open to the objection urged by defendant's counsel. There is some evidence tending to prove that plaintiff's eyesight was permanently injured by the explosion, still we do not think the instruction assumes that permanent injury is established. It left it to the jury to determine whether or not his earning capacity was impaired, as a natural consequence of the injury.

The sixth ground of complaint relates to the omission of the declaration to aver the means by which the gas was ignited. But there was no demurrer to the declaration, and it is now too late to raise the objection, even if such an averment should be necessary, a question which we are not called upon to decide.

Finding no error committed by the trial court, the judgment must be affirmed.

*Affirmed.*