STILLSON *v.* STATE OF INDIANA.

[No. 26,054. Filed February 1, 1933.]

F. *Clayton Mansfield*, for appellant.

*James M. Ogden*, Attorney-General, and *Robert Bailey*, Special Assistant Attorney-General, for the State.

TREANOR, C. J.—Appellant was convicted of the crime of burglary. He assigns as error the overruling of his motion for a new trial and the overruling of his motion in arrest of judgment. Of the grounds contained in appellant's motion for a new trial he discusses under Points and Authorities only the 3rd, relating to instructions given by the Court, and the 6th to 10th, inclusive, relating to certain evidence alleged to have been erro-- neously admitted by the trial court.

Under Points and Authorities appellant complains of instructions Nos. 18 and 19. The part of instruction No. 18, which is objected to, is as follows:

"If the evidence introduced on the part of the de- fendant to prove an alibi, when considered with all the other evidence in this case, is sufficient to raise in your minds a reasonable doubt of the defend- ant's guilt, he should be acquitted, though such evi- dence may fail to account for his whereabouts during all the time the offense is alleged to have been committed."

Appellant's objection to this instruction is that it "in- vaded the province of the jury and tended to mislead the jury in that it suggested to the jury that the evidence

introduced by the appellant to prove an alibi ■ failed to account for his whereabouts during all of the time the offense was alleged to have been committed" and "cast suspicion on the appellant's evidence to prove an alibi." Appellant cites *Sater* v. *State* (1877), 56 Ind. 378; *Shenkenberger* v. *State* (1900), 154 Ind. 630, 640, 57 N. E. 519; and *Shank* v. *State* (1865), 25 Ind. 207. We do not think that instruction No. 18 casts any suspicion upon appellant's evidence or violates the rules laid down by this Court in considering the improper instructions referred to in the cases which appellant cites. But appellant urges specially that evidence of defense witnesses "tended to show the appellant's whereabouts during all the time the offense was alleged to have been committed" and that "it was error for the court to intimate or suggest to the jury that the appellant's evidence failed to account for his whereabouts during all the time in question." But an examination of the evidence of the defense witnesses shows that, of the ten witnesses by whom appellant attempted to establish an alibi, only four, including appellant, testified to facts which, if believed, would of themselves have proved an alibi. The testimony of the other six witnesses, unaided by the testimony of the four, failed to account for the whereabouts of the defendant at the time of the alleged commission of the offense charged. We think the instruction safeguarded the interests of the appellant and did not "intimate or suggest" that the appellant's evidence failed to account for his whereabouts during all the time in question.

Instruction No. 18 contains the same language as was contained in instructions Nos. 2 and 3 disapproved by this Court in *Jacoby* v. *State* (1932), 203 Ind. 321, 180 N. E. 179, which the appellant cites. The objection to the instructions in that case was based upon the fact that the appellant was charged, and all the evidence for

the State tended to prove him guilty, if guilty at all, as a participating principal and not as having "aided or abetted, hired or procured" the crime to be committed. This Court has held that a defendant may be charged as a principal and evidence may be introduced to prove that "another person was the principal and that appellant but aided or abetted such principal in the commission of the felonious crime." *Brunaugh* v. *State* (1910), 173 Ind. 483, 503, 507, 90 N. E. 1019. Also *Simpson* v. *State* (1925), 195 Ind. 633, 637, 146 N. E. 747. In view of the foregoing the statement of this Court in *Jacoby* v. *State, supra,* was inaccurate, but the vice of the alibi instructions in *Jacoby* v. *State* was that it invited the jury to disregard the allegations in the indictment and the State's evidence and to find the defendant guilty even if he should have established a perfect alibi as to physical presence and actual participation when the allegations in the affidavit charged, and all the State's evidence tended to prove, a present active participation in the crime.

Instruction No. 19, to which appellant objects, is as follows: "The court instructs you that each juror must act upon his own judgment of the facts as they are presented to him in the evidence adduced, and cannot rightfully yield his honest convictions to those of some one else, or even to those of all the members of the jury. It is the duty of jurors to consider carefully every part of the evidence, and, if necessary, reconsider it, and to hear and consider the views and argument of their fellow-jurors, but at last each one of you must act upon his own judgment, and not that of another."

Appellant contends that this instruction "was erroneous for the reason that a juror can not yield his honest convictions at all, either rightfully or wrongfully." The instruction was a correct statement of the law and

could not be construed as authorizing a juror to yield his honest convictions.

The 6th and 7th grounds of appellant's motion for a new trial were based upon the alleged erroneous rulings of the court in permitting appellant's witness, Shroyer, to answer on cross-examination questions concerning the cashing of checks for the prosecuting witness at the witness Shroyer's bank. Watt Smith, the prosecuting witness, and his daughter, Mrs. Routh, upon cross-examination by appellant's counsel, testified in effect that the money which was alleged to have been stolen from Smith's house had been obtained by Mrs. Routh by cashing a check drawn by Smith on the Delaware or Merchants bank on November 11th. Shroyer testified as cashier of the Merchants National Bank that he had charge of the records of the bank; that he had examined the records; that Smith carried no deposit in that bank subject to check during the month of November. On cross-examination the State proved by the witness, over appellant's objection, that the witness understood Smith cashed quite a few checks through the bank all the time and that it would have been possible for Smith to cash several payroll checks at the bank, of which the witness would have had no record.

> "It is a familiar rule of practice in this State that cross-examination must be confined to the subject-matter of the examination in chief; but when the direct examination opens on a general subject, the cross-examination may go into any phase of that subject, and can not be restricted to mere parts of a general and continuous subject which constitutes a unity." *Westfall* v. *Wait* (1905), 165 Ind. 353, 74 N. E. 1089. *Osburn* v. *State* (1904), 164 Ind. 262, 73 N. E. 601. "The character and extent of the cross-examination to be permitted is under the control of the trial court in the exercise of a sound legal discretion. . . . A cause will not be reversed because of any ruling regulating the extent

of the cross-examination unless it appears that there has been an abuse of discretion." *Savich* v. *State* (1928), 200 Ind. 417, 164 N. E. 273, 274; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Denny* v. *State* (1921), 190 Ind. 76, 129 N. E. 308; *Foust* v. *State* (1928), 200 Ind. 76, 161 N. E. 371; *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822.

The facts as to what the witness' records showed, and his knowledge of whether Smith cashed checks at the Merchants National Bank were phases of the general subject concerning which the witness testified in chief and might, in the sound discretion of the trial court, be properly admitted.

The 8th and 9th grounds of appellant's motion for a new trial relied upon the alleged erroneous action of the trial court in requiring the appellant to answer, over objections, on cross-examination, the following questions:

"Did you know then you were violating the law when you were playing poker, running that gambling joint?"
"I will ask you if you weren't on the 6th day of March, 1919, arrested for grand larceny on a warrant issued from this court for stealing an automobile from Frank Greenwalt?"

On direct examination the appellant had testified that he had run a poker game and that he had never been charged with robbery or larceny in his life.

Many decisions of this Court uphold the practice of permitting questions of the nature of the foregoing to be asked in the cross-examination of a defendant who becomes a witness in his own behalf. In *Parker* v. *State* (1894), 136 Ind. 284, 288, 35 N. E. 1105, 1106, appears the following:

"The appellants, on the trial of the cause, testified in their own behalf, and the State, on cross-examination, over their objection, was permitted to ask

them as to certain arrests and prosecutions against them occurring in the past, for the purpose of discrediting their testimony. It is contended that in this ruling the trial court erred. We can not agree with the appellants in this contention. The testimony of an accused who testifies in his own behalf should be subject to the tests applied to the testimony of any other witnesses. It is not to be supposed that the testimony of a witness who is morally depraved, and an habitual law-breaker will, as a rule, be given the same credit as a witness who is of known moral character. In the case of *Bessette* v. *State*, 101 Ind. 85, it was said by this Court: 'It is proper, within the bounds of propriety, to be controlled by the trial court, that the character and antecedents of a witness may be subject to a test on cross-examination, and that questions which go to exhibit his motives and interests as a witness, as well as those tending to show his character and antecedents, should be allowed.' The extent to which such cross-examination shall be allowed is largely in the discretion of the trial court. *City of South Bend* v. *Hardy,* 98 Ind. 577, [49 Am. Rep. 792]; *Conrad* v. *State,* 132 Ind. 254; *People* v. *Clark,* 102 N. Y. 735, 736; *People* v. *Cummins,* 47 Mich. 334; *Ruloff* v. *People,* 45 N. Y. 213; *People* v. *Court of Oyer and Terminer,* 83 N. Y. 436; *People* v. *Houghkerk,* 96 N. Y. 149." See, also, *Shears* v. *State* (1897), 147 Ind. 51, 55, 46 N. E. 331; *Van Cleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060; *Dotterer* v. *State* (1909), 172 Ind. 357, 88 N. E. 689; *Tosser* v. *State* (1928), 200 Ind. 156, 160, 162 N. E. 49; *Pierson* v. *State* (1919), 188 Ind. 239, 123 N. E. 118; *Kirschbaum* v. *State* (1925), 196 Ind. 512, 149 N. E. 77; *Coleman* v. *State* (1925), 196 Ind. 649, 149 N. E. 162; *Jackson* v. *State, ex rel.* (1924), 194 Ind. 130, 142 N. E. 1; §2272 Burns Ann. Ind. St. 1926, Acts 1905, p. 584, §240.

In the instant case the trial court told the jury, by instructions Nos. 10, 11, and 12, that "any evidence given by the defendant while testifying as a witness in his own behalf, that he had committed other offenses, if any, should be considered by the jury for but one purpose and

that is to determine the credibility that you will give to the defendant as a witness and the weight you will attach to his testimony" and that "the defendant should not be convicted of the offenses charged or either of them merely because of the fact, if it be a fact, that at some time or place he committed some other offense or offenses" and "this evidence, insofar as it may show or tend to show that the defendant has committed such other offenses, should be considered by the jury for but one purpose and that is to determine the weight you will give to the testimony of the defendant, he having elected to testify in his own behalf." In view of the testimony of appellant on direct examination and the foregoing instructions the trial court did not err in permitting the questions to be asked and in requiring the appellant to answer same.

The 10th ground of appellant's motion for a new trial is based upon the trial court's action in overruling appellant's objection to a question asked the state's witness, Mrs. Routh, who had been recalled by the state to correct testimony which she had previously given as to where she had obtained the money which was in the prosecuting witness's house at the time of the alleged burglary. Appellant's objection is as follows:

". . . the defendant objects for the reason that this witness has testified here, called by the state of Indiana, in its case in chief and gave a full statement as to moneys connected with the alleged robbery; where she got the money and how it happened. We object to any effort on the part of the state of Indiana to change that testimony."

Our statute (§2301 Burns, etc., 1929, Acts of 1927, ch. 132, p. 419, §14) provides that after the close of the state's and defendant's evidence "the parties may then respectively offer rebutting evidence only, unless the court, for good reason, in furtherance of justice, permits

them to offer evidence upon their original case"; and this court has consistently held that under such circumstances it lies within the discretion of the trial court to admit evidence which was properly a part of the case in chief. *Hire* v. *State* (1896), 144 Ind. 359, 43 N. E. 312, 313; *Kahlenback* v. *State* (1889), 119 Ind. 118, 21 N. E. 460. In *Hire* v. *State, supra,* this court said:

> "It was within the discretion of the trial court to permit original testimony to be given after appellant had closed his evidence, and appellant had no ground of complaint on that account unless he was refused an opportunity to give evidence in opposition thereto. *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110, 122; *Kahlenbeck* v. *State, supra; Trees* v. *Eakin,* 9 Ind. 554; *State, ex rel.,* v. *Parker,* 33 Ind. 285; *Holmes* v. *Hinkle,* 63 Ind. 518; *Perrill, Admr.,* v. *Nichols,* 89 Ind. 444; *Ransbottom* v. *State,* 144 Ind. 250, 43 N. E. 218."

No abuse of the court's discretion to admit testimony at this stage of the trial appears from the fact that the testimony admitted tended to change testimony given by the witness while testifying in support of the state's case in chief. The trial court may, in the exercise of its discretion, permit a witness to be recalled for the purpose of correcting or changing testimony which the witness, through error, mistake or oversight, has previously given in a trial. Thompson on Trials, 2d Ed. Vol. 1, §350; *Faust* v. *United States* (1895), 163 U. S. 452, 16 S. Ct. 1112, 41 L. Ed. 224; *Dowler* v. *Citizens Gas and Oil Company* (1912), 71 W. Va. 417, 76 S. E. 845, Ann. Cas. 1914C 341; *Rhodes* v. *Lowery* (1875), 54 Ala. 4; *Central Railway Co.* v. *Duffey* (1902), 116 Ga. 346, 42 S. E. 510; *Chicago City Ry. Co.* v. *Walsh* (1907), 136 Ill. App. 73; *Miller* v. *Hartford Fire Insurance Co.* (1886), 70 Iowa 704, 29 N. W. 211.

Appellant's motion in arrest of judgment was based upon the second of the statutory grounds, to-wit:

"That the facts stated in the . . . affidavit do not constitute a public offense."

Count 1 of the affidavit, upon which the appellant was convicted, was as follows:

"Watt Smith swears he is informed and believes that Lucius Stillson and Erwin Patrick on or about the 13th day of November, 1929, at and in the County of Delaware, State of Indiana, did then and there unlawfully and feloniously and burglariously, in the night time, break and enter into the dwelling house of the said Watt Smith situated upon the premises known as No. 1214 South Walnut Street in the city of Muncie, said county and state, with the felonious intent then and there to take, steal and carry away the goods and chattels of the said Watt Smith then and there situated, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Indiana."

Appellant contends that "an affidavit on information and belief is not sufficient to charge one with crime under the law of the state of Indiana"; that the affidavit "was merely a statement by the affiant of what information and belief he had"; that "said count did not charge that the defendant did any act prohibited by any law of the state of Indiana"; and "therefore said count did not charge a public offense".

Assuming, but not deciding, that the objection to the affidavit was timely when made by way of motion in arrest of judgment, we must hold that under the law of this state the trial court committed no error in over-ruling the motion. This court has held that an affidavit "charging crime need not show that the statements contained in it are made upon affiant's knowledge, but it is sufficient if made upon information and belief." *Toops* v. *State* (1883), 92 Ind. 13; *Franklin* v. *State* (1882), 85 Ind. 99.

"No statement can go beyond the belief of the party making it. That belief may arise from person-

al observation, from sight or from sound, from information derived from others, or as the result of a logical conclusion from other known facts. But we know that sight or sound may deceive, as information derived from other persons may mislead. They can, at most, when united, produce but one result, conviction of the mind, or in other words, belief. When, therefore, one states his belief in the truth of a statement, the assertion is as strong as language can make it." *Curry* v. *Baker, Governor* (1869), 31 Ind. 151.

"It frequently occurs that the perpetrator of crime is convicted on the testimony of a number of witnesses swearing to different parts of the transaction constituting the body of the offense. No one person could swear on personal knowledge that the accused was guilty, and yet any one of the numerous witnesses might with a clear conscience have made the affidavit for arrest." *State* v. *Buxton* (1869), 31 Ind. 67.

"Where a showing by affidavit is required as to facts which are necessarily matters of information and belief, an affidavit on information and belief ought to suffice. The statute should receive a construction in accordance with common sense. It was not intended to require perjury, and, as it requires affidavit to matters involving legal opinion and conclusions of law and fact, it must contemplate that such affidavit will be made upon the only basis on which such opinions and conclusions can be reached. . . . In a trial where numerous witnesses are successively examined the several facts and circumstances may be made to appear by competent proof, and the trior of fact may draw the proper inference therefrom. But where one man is to make affidavit to the conclusion, he must in fact state the belief which the information in his possession gives rise to, whether he expressly says so or not; otherwise the required affidavit could never be made." Pound, C., in *Leigh* v. *Green* (1902), 64 Neb. 533, 90 N. W. 255, 256, 101 Am. St. Rep. 492.

There would seem to be no reason for requiring the affidavit to be made in more positive terms than that the affiant "swears he is informed and believes." If a charge of perjury is brought against

one making an affidavit wherein the "affiant swears" to certain stated facts, a good defense to the charge would be that the affiant had probable cause to believe and did believe that the facts stated were true. Wharton's Crim. Law, 11th Ed., Vol. II, §1510. An affiant would not have a greater defense against a perjury charge by reason of the fact that in the allegedly false affidavit he swore that he was "informed and believes" certain stated facts. Wharton, *supra,* §1510. An affidavit charging a criminal offense must allege not only the particular acts which are deemed to constitute a criminal offense but must also allege that such acts are unlawful, and to that extent such an affidavit contains "matters involving legal opinion and conclusions of law and fact." *Leigh* v. *Green, supra.*

It follows that the trial court did not err in overruling appellant's motion in arrest of judgment.

Judgment affirmed.