OPINION *Page 2 
{¶ 1} Defendant-appellant Larry McBride, appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of Breaking and Entering in violation of R.C. 2911.13(B), a felony of the fifth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 22, 2007 around 1:30 a.m., Bruce Mack got out of bed to get a drink of water. While getting his drink, he looked outside a window toward Milano Auto and Tire, the business located next door to his home. Mr. Mack noticed a truck parked in front of the business. The hood of the truck was raised and there was a man standing in front of it. Mr. Mack did not think much of what he saw and went upstairs to the bathroom.
 {¶ 3} While he was in the bathroom, Mr. Mack heard something that made him look outside again. This time, he opened the window to see two men throwing what appeared to be rims over the fence that surrounded Milano's and carrying the rims toward the truck. Mr. Mack called 911.
 {¶ 4} Canton police officer Steven Swank was dispatched to Milano Auto and Tire. By the time he arrived, the suspects were gone. Officer Swank spoke with Bruce Mack. Mr. Mack described the truck he had seen as a black Ford F-150 with a red door. He was not able to identify the individuals he saw; the only description he could give was one taller, one shorter.
 {¶ 5} Officer Swank searched the surrounding area for a vehicle matching the description given by Mr. Mack. At approximately 2:00 a.m., Officer Swank located a *Page 3 
black Ford truck with a red door. Officer Swank observed the driver of the truck run a red light and, further noticed that the truck was operating without headlights. Officer Swank followed the truck to a residential driveway. He pulled up behind the truck, activated his overhead lights and ordered the occupants out of the truck. As Officer Swank approached the truck, he could see twelve rims and four tires in the bed of the truck.
 {¶ 6} The driver, Eric Ryjowski, initially claimed the rims were his. However, when Officer Swank advised Mr. Ryjowski that a witness had seen his truck and two men at Milano's stealing rims, Mr. Ryjowski admitted the rims came from Milano's. He further told Officer Swank that appellant was with him at the time.
 {¶ 7} Appellant and Ryjowski were taken into custody. Bruce Mack was brought to the scene and identified the truck as the same one he had seen outside of Milano Auto and Tire. Paul Milano, the owner of Milano Auto and Tire was also brought to the scene. He identified the items in the bed of the truck as his property. The rims were taken from inside a locked van parked at his business. The van was parked inside a locked, six-foot fence topped by three strands of barbed wire. The rims and tires were valued at $700.00.
 {¶ 8} Officer Swank processed appellant at the Canton Police Department before taking him to the Stark County jail. He advised appellant of his Miranda warnings and asked if he wanted to make a statement. Appellant declined. After Officer Swank had completed the required paperwork, appellant inquired as to the charges. Officer Swank advised appellant he was being charged with breaking and entering and possession of *Page 4 
criminal tools. Appellant then admitted to Officer Swank that he was at Milano's standing by the truck, but claimed he did not go into the lot.
 {¶ 9} Mr. Ryjowski did not testify at appellant's trial.
 {¶ 10} The jury found appellant guilty as charged. He was sentenced to eleven months incarceration.
 {¶ 11} Appellant timely appeals raising the following four (4) assignments of error for our consideration:
 {¶ 12} "I. THE TRIAL COURT COMMITTED PLAIN ERROR DURING APPELLANT'S TRIAL.
 {¶ 13} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR MISTRIAL.
 {¶ 14} "III. THE APPELLANT WAS DENIED HIS RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 15} "IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL."
 I. {¶ 16} In his first assignment of error, appellant maintains that the trial court committed plain error when it permitted Officer Swank to testify to co-defendant Ryjowski's statement that appellant was with him at Milano Tire when the merchandise was stolen. We disagree.
 {¶ 17} Evid. R. 103(A) provides that error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected and, if the ruling is one admitting evidence, a timely objection or motion to strike appears of *Page 5 
record stating the specific ground of objection, if the specific ground was not apparent. In the case at bar, counsel did not object at trial. Because no objection was made to the testimony at the trial level, we must review this error under the plain error standard.
 {¶ 18} Crim. R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim. R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 19} In U.S. v. Dominguez Benitez (2004), 542 U.S. 74,124 S.Ct. 2333, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. SeeArizona v. Fulminante, 499 U. S. 279, 309-310 (1991) (giving examples).
 {¶ 20} "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. SeeKotteakos v. United States, 328 U. S. 750 (1946). To affect "substantial rights," see 28 U. S. C. § 2111, an error must have "substantial and injurious effect or influence in determining the . . . verdict."Kotteakos, supra, at 776." Id. at 81-82; *Page 6 124 S.Ct. at 2339. See, also, State v. Barnes (2002), 94 Ohio St.3d 21,759 N.E.2d 1240.
 {¶ 21} The defendant bears the burden of demonstrating that a plain error affected his substantial rights. United States v. Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; State v. Perry (2004),101 Ohio St.3d 118, 120 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.'"State v. Barnes (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quotingState v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 22} The State concedes, rightfully so, that Officer Swank's testimony that Mr. Ryjowski disclosed appellant was with him at Milano Tire was hearsay, and was admitted without objection.
 {¶ 23} Clearly, an accused's right of cross-examination as secured by the confrontation clause of the Sixth Amendment is violated when a trial court admits extrajudicial statements made by a non-testifying co-defendant inculpating the accused. Cf. Bruton v. United States,391 U.S. 123, 88 S.Ct. 1620.
 {¶ 24} However, where there is sufficient independent evidence of a defendant's guilt, which renders the admitted statement harmless, there is no prejudice and reversal is unwarranted. State v. Moritz (1980),63 Ohio St.2d 150, 407 N.E.2d 1268. (Citing Schneble v. Florida (1972),405 U.S. 427, 430, 92 S.Ct. 1056, 1059); State v. Stevenson, Stark App. No. 2005-CA-00011, 2005-Ohio-5216 at ¶ 46. *Page 7 
 {¶ 25} In the case at bar, other evidence of appellant's involvement included Bruce Mack's testimony that he saw two men throwing rims over the fence at Milano's Tire and Auto and carrying the rims from Milano's toward a black F-150 with a red door. A short time later, Officer Swank spotted the suspect truck in the same neighborhood. When the truck was stopped, appellant was a passenger. Finally, appellant admitted to Officer Swank that he had been present at Milano Tire standing by the truck.
 {¶ 26} The court finds that the admission of the statement made by the non-testifying co-defendant was harmless and not prejudicial. In the instant case, there was more than sufficient independent evidence of appellant's guilt to render admission of the contested statements harmless beyond a reasonable doubt.
 {¶ 27} Appellant's first assignment of error is denied.
 II. {¶ 28} In his second assignment of error, appellant contends that the trial court erred in denying his motion for a mistrial. Specifically, appellant asserts the motion for mistrial should have been granted for two reasons: 1) the State should not have been permitted to recall Officer Swank and 2) the State's re-direct of Officer Swank went beyond the scope of cross-examination. We disagree.
 {¶ 29} The granting or denial of a motion for mistrial rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Crim. R. 33; State v. Sage (1987),31 Ohio St. 3d 173, 182, 510 N.E.2d 343, 349-350. "A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened * * *." State v. Reynolds (1988), 49 Ohio App. 3d 27, 33, *Page 8 550 N.E.2d 490, 497. The granting of a mistrial is necessary only when a fair trial is no longer possible. State v. Franklin (1991),62 Ohio St. 3d 118, 127, 580 N.E.2d 1, 9; State v. Treesh (2001), 90 Ohio St.3d 460,480, 739 N.E. 2d 749, 771.
 {¶ 30} In the instant case, Officer Swank took the stand to testify on direct examination. There was no questioning regarding any statements made by the appellant. Defense counsel cross-examined the Officer regarding whether or not any evidence was tested by the crime lab for fingerprints and metal shavings. Officer Swank was then excused from the witness stand. The prosecution, realizing they forgot a portion of his testimony, called Officer Swank back to the stand and questioned him regarding appellant's statement.
 {¶ 31} Evid. R. 611 empowers trial courts to exercise "reasonable control over the mode and order of interrogating witnesses * * *."
 {¶ 32} In Stillson v. State (1933), 204 Ind. 379, 184 N.E. 260, the Supreme Court of Indiana noted:
 {¶ 33} "The trial court may, in the exercise of its discretion, permit a witness to be recalled for the purpose of correcting or changing testimony which the witness, through error, mistake, or oversight, has previously given in a trial. Thompson on Trials (2d Ed.) vol. 1, § 350;Faust v. United States (1895) 163 U. S. 452, 16 S. Ct. 1112,41 L. Ed. 224; Dowler v. Citizens' Gas Oil Company (1912) 71 W. Va. 417,76 S.E. 845, Ann. Cas. 1914C, 341; Rhodes v. Lowry (1875) 54 Ala. 4;Central of Georgia Railway Co. v. Duffey (1902) 116 Ga. 346,42 S. E. 510; Chicago City R. Co. v. Walsh (1907) 136 Ill. App. 73; Miller v.Hartford Fire Insurance Co. (1886) 70 Iowa, 704, 29 N. W. 411."Stillson, supra, 184 N.E. at 263. Our own Supreme Court had similarly held. State v. *Page 9 Spirko (1991), 59 Ohio St.3d 1, 28, 570 N.E.2d 229. (The recall of a witness is within the sound discretion of the trial court).
 {¶ 34} Generally, the scope of re-direct examination is limited to matters inquired into by the adverse party on cross-examination.State v. Wilson (1972), 30 Ohio St.2d 199, 204, 283 N.E.2d 632. "The control of re-direct examination is committed to the discretion of the trial judge and a reversal upon that ground can be predicated upon nothing less than a clear abuse thereof." Id.; Schmelzer v. Lesari, Fairfield App. No. 03-CA-15, 2004-Ohio-2435 at ¶ 45. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 35} In the case at bar, the State had not rested, and, in fact, Officer Swank had not yet left the courtroom before being called back to the stand. Following the State's questioning, appellant was provided an opportunity to cross-examine the officer. Moreover, appellant cannot say that the testimony elicited during Officer Swank's second trip to the witness stand came as a surprise because the same information had been provided to him in pre-trial discovery.
 {¶ 36} Upon review, we find that the trial court did not abuse its discretion by permitting the State to re-call Officer Swank to the witness stand to inquire about appellant's admissions to the officer that the State, through mistake or oversight, had previously failed to inquire. We find that the allowance of such questioning was in no way prejudicial to appellant under the facts of this case.
 {¶ 37} Appellant's second assignment of error is denied. *Page 10 
 III. {¶ 38} In his third assignment of error, appellant contends that he was denied effective assistance of counsel when his trial counsel failed to object to hearsay testimony. Specifically, appellant argues his trial counsel rendered ineffective assistance when he failed to object to Officer Swank's testimony that co-defendant Ryjowski told him appellant was with him at Milano Tire. We disagree.
 {¶ 39} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 40} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 41} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial; a trial whose result is reliable.Strickland 466 U.S. at 687; 694, 104 S.Ct. at 2064; 2068. The burden is upon the *Page 11 
defendant to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.; Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra; Bradley, supra.
 {¶ 42} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 43} "The failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel.'" State v.Fears (1999), 86 Ohio St.3d 329, 347, 715 N.E.2d 136, quoting State v.Holloway (1988), 38 Ohio St.3d 239, 244, 527 N.E.2d 831.
 {¶ 44} Essentially, appellant argues that his trial attorney's failures to raise in the trial court the same issues and arguments that he presents in his first and second assignments of error on appeal rendered trial counsel's performance ineffective. Appellant offers no additional grounds not addressed in the previous assignments of error.
 {¶ 45} Since we have found no grounds for reversal of his conviction in appellant's first or second assignment of error, we obviously do not consider his counsel ineffective in this regard.
 {¶ 46} None of the instances raised by appellant rise to the level of prejudicial error necessary to find that he was deprived of a fair trial. Having reviewed the record that appellant cites in support of his claim that he was denied effective assistance of *Page 12 
counsel, we find appellant was not prejudiced by defense counsel's representation of him. The results of the trial were not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel.
 {¶ 47} Appellant's third assignment of error is denied.
 IV. {¶ 48} In his fourth assignment of error appellant argues that the trial court erred in not granting his Crim. R. 29 motion for acquittal. Specifically, he asserts that the State did not prove he "trespassed with purpose to commit a felony." We disagree.
 {¶ 49} In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., State v.Carter (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974; State v.Jenks (1991), 61 Ohio St.3d 259 at 273, 574 N.E.2d 492 at 503.
 {¶ 50} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St. 3d 380, 386, 678 N.E.2d 541, 546 (stating, "sufficiency is the test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259 at 273,574 N.E.2d 492 at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781; Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503. *Page 13 
 {¶ 51} Weight of the evidence addresses the evidence's effect of inducing belief. State v. Wilson, 713 Ohio St.3d 382, 387-88,2007-Ohio-2202 at ¶ 25-26; 865 N.E.2d 1264, 1269-1270. "In other words, a reviewing court asks whose evidence is more persuasive — the State's or the defendant's? Even though there may be sufficient evidence to support a conviction, a reviewing court can still re-weigh the evidence and reverse a lower court's holdings." State v. Wilson, supra. However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, supra,78 Ohio St. 3d at 387. (Quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, supra.
 {¶ 52} Employing the above standard, we believe that the State presented sufficient evidence from which the trier of fact could conclude, beyond a reasonable doubt, that appellant committed the offense of breaking and entering. Thus, the trier of fact did not err by finding appellant guilty.
Appellant was convicted of breaking and entering in violation of R.C. 2911.13(B). 2911.13 states, in relevant part, as follows: "(B) No person shall trespass on the land or premises of another, with purpose to commit a felony." In turn, R.C. 2913.02 states, in pertinent part, as follows:" (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in *Page 14 
any of the following ways:"(1) Without the consent of the owner or person authorized to give consent."
 {¶ 53} "(B) . . . If the value of the property . . . stolen is five hundred dollars or more and is less than five thousand dollars . . . a violation of this section is theft, a felony of the fifth degree."
 {¶ 54} As is stated in detail in the statement of facts, Mr. Milano testified that the rims found in the bed of the Ford pick-up truck were taken from inside a locked van located on his property. Mr. Milano further testified that a six-foot fence topped with three strands of barbed wire surrounded the property. He did not give anyone permission to go onto his property, break into the van and take the items. Mr. Mack watched as two men threw what appeared to be rims over the fence that surrounded Milano's. The men carried the rims toward the truck. This evidence is sufficient to support the "trespass" element of appellant's breaking and entering conviction. State v. Hibbard, Butler App. Nos. CA2001-12-276, CA2001-12-286, 2003-Ohio-707 at ¶ 35.
 {¶ 55} The Supreme Court of Ohio has set forth the standard of proof required when intent is an element of a crime:
 {¶ 56} "* * *The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court." In re Washington (1998),81 Ohio St.3d 337, 340, 691 N.E.2d 285, quoting State v. Huffman (1936),131 Ohio St. 27, 5 O.O. 325, 1 N.E.2d 313, paragraph four of the syllabus. *Page 15 
 {¶ 57} "`Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.'" State v. Mendoza (2000), 137 Ohio App.3d 336, 342,738 N.E.2d 822, quoting State v. Stepp (1997), 117 Ohio App.3d 561, 568-569,690 N.E.2d 1342.
 {¶ 58} Thus, "[t]he test for . . . a [defendant's purpose and intent] is a subjective one, but it is decided on objective criteria." State v.McDaniel (May 1, 1998), Montgomery App. No. 16221, (citing State v.Elliott (1995), 104 Ohio App.3d 812, 663 N.E.2d 412).
 {¶ 59} In the case at bar, appellant was riding in a truck matching the description of the suspect vehicle that was operating without headlights. The police observed this truck shortly after being notified of the criminal activity occurring at Milano's Auto and Tire. The stolen items were in plain view inside the bed of the truck. Mr. Milano testified that the value of the stolen items exceeded $500.00. Appellant admitted that he had been at Milano's with the co-defendant, Mr. Ryjowski.
 {¶ 60} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crime of breaking and entering.
 {¶ 61} We hold, therefore, that the State met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support appellant's conviction.
 {¶ 62} As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck *Page 16 v. Jeffries (February 10, 1982), Stark App. No. CA-5758. "A fundamental premise of our criminal trial system is that `the jury is the lie detector.' United States v. Barnard, 490 F.2d 907, 912 (C.A.9 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976,40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the `part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' Aetna Life Ins. Co. v. Ward, 140 U.S. 76, 88, 11 S.Ct. 720,724-725, 35 L.Ed. 371 (1891)". United States v. Scheffer (1997),523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267.
 {¶ 63} Although appellant cross-examined the witnesses and argued that he did not trespass on the property with intent to commit a felony, and further that the eyewitness was unable to positively identify appellant as the person he had seen on the property, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 64} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render the defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill *Page 17 
(1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell (1992),79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991),61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 65} After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the conviction. The jury did not create a manifest injustice by concluding that appellant was guilty of the crime charged in the indictment.
 {¶ 66} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest injustice requiring a new trial.
 {¶ 67} Accordingly, appellant's fourth assignment of error is denied.
 {¶ 68} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Edwards, J., concur. *Page 18 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Ohio, is affirmed. Costs to appellant. *Page 1