[Cite as *State v. Blair*, 2012-Ohio-1706.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00223 |
| REGINALD BLAIR | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal appeal from the Canton Municipal
Court, Case No. 2011CRB2386

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: April 16, 2012


APPEARANCES:

For Plaintiff-Appellee

ANTHONY FLEX
Canton Prosecutor's Office
218 Cleveland Ave. S.W.
Canton, OH 44701

For Defendant-Appellant

KIMBERLY L. STOUT
Stark County Public Defender's Office
200 West Tuscarawas St., Ste. 200
Canton, OH 44702

*Gwin, J.*

{1}     On September 12, 2011, appellant Reginald Blair ("Blair") was found guilty after trial by jury of one count of assault, a first degree misdemeanor. The Court sentenced him to 180 days in the Stark County Jail, with all but 60 days suspended on the condition of his good behavior for two years and imposed a $100 fine plus court costs. The court also placed him on direct probation for two years. Blair was also ordered to sign up and comply with Summit Psychological Program and to follow all recommendations.

Facts and Procedural History

{2}     On June 29, 2011, at approximately 9:30 a.m. sisters March South, Paula Hackney, and other family members were at the Stark County Courthouse to meet with the prosecutor to discuss sentencing for a defendant who killed Hackney's daughter in an automobile accident. Blair is the brother-in-law of the person who had driven the vehicle that killed Hackney's daughter. When the group arrived, they saw Blair, whom they had never met before, upstairs waiting outside the room in which they were to meet the prosecutor. After meeting with the prosecutor, March South, Paula Hackney and the other members of the family took the stairs to leave the courthouse and go to breakfast.

{3}     As the group was walking down the stairs, Blair approached them from behind. At the beginning of the last flight of stairs, Blair told South that he heard she was looking for him or wanted to meet him and he stuck out his hand for her to shake. South told Blair that she did not want to meet him and she did not want to shake his hand. Blair then pushed South, brushed past her, and said he did not want to meet her; he wanted to talk to her sister Paula Hackney.

{4}    March South was walking with a cane in her right hand and her purse on her left arm. Blair turned around, backed South up against the railing, and started yelling at her and spitting in her face. He then reached for and made contact with South's throat causing her to jerk back away from him. Hackney turned around and saw Blair shove South and reach for South's neck. Hackney yelled at Blair to "get the 'F' off her sister."

{5}    Stacie Manfull, a victim advocate for Stark County, saw Blair follow South down the stairs and she heard South say, "I don't know you." As Manfull reached the landing between the first and second set of stairs she could see Blair and South face-to-face, screaming at each other. Manfull was going to intervene when she heard another advocate tell her to get out of the way. Manfull then saw Blair grab for South. Manfull heard Hackney yell, "get your fucking hands off my sister." Hackney, South, and Manfull described Blair as aggressive and angry. Stacie said she thought Blair was going to hurt South.

{6}    When Deputy Hallock arrived, there was a large group of people screaming at each other, including Blair and March South. Deputy Finn separated the parties. Neither Deputy Hallock nor Deputy Finn saw Blair touch March South.

{7}    Blair raises two assignments of error,

{8}    "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY OVERRULING DEFENDANT'S OBJECTION AND DENYING APPELLANT'S RULE 29 MOTION WHEN APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS AND RIGHT TO A FAIR TRIAL HAD BEEN VIOLATED.

{9} "II. THE APPELLANT'S CONVICTION FOR ASSAULT IS UNSUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{10} Because appellant's assignments of error each require us to review the evidence, we shall address the assignments collectively.

{11} In his first assignment of error, Blair alleges that the trial court erred in not granting his Crim. R. 29 motion for acquittal. In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, *e.g., State v. Carter*, 72 Ohio St.3d 545, 553, 1995-Ohio-104, 651 N.E.2d 965 (1995); *State v. Jenks*, 61 Ohio St.3d 259 at 273, 574 N.E.2d 492 (1991), *superseded by constitutional amendment on other grounds in State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668(1997); *State v. McBride,* 5th Dist. No. 2008-CA-00076, 2008-Ohio-5888, ¶49.

{12} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Accord*, *McDaniel v. Brown*, _U.S._, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry,* 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶ 146; *State v. Clay,* 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

{13} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio-355. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. *Id.* at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*

{14} Blair argues that there is no evidence of physical harm and further because the state alleged in the complaint and the bill of particulars that Blair "did grab the throat of March E. South" the state was required to prove that allegation to sustain a conviction for assault in this case.

{15} To find Blair guilty of assault as charged in the Complaint, the trier of fact would have to find that he knowingly caused or attempted to cause physical harm to another. R.C. 2901.01 states, in relevant part: "(3) 'Physical harm to persons' means

any injury, illness, or other physiological impairment, regardless of its gravity or duration."

**{16}** R.C. 2901.22 defines "knowingly" as follows:

(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

**{17}** Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Huff*, 145 Ohio App. 3d 555, 563, 763 N.E.2d 695(2001). (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel,* 2nd Dist. No.6221, 1998 WL 214604, (citing *State v. Elliott*, 104 Ohio App.3d 812, 663 N.E.2d 412(1995)).

**{18}** R.C. 2923.02(A) provides a definition of attempt, "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

**{19}** The Ohio Supreme Court has held that a criminal attempt occurs when the offender commits an act constituting a substantial step towards the commission of an offense. *State v. Woods*, 48 Ohio St.2d 127, 357 N.E.2d 1059(1976), paragraph one of the syllabus, *overruled in part by State v. Downs*, 51 Ohio St.2d 47, 364 N.E.2d 1140(1977); See also, *State v. Ashbrook,* 5th Dist. No.2004-CA-00109, 2005-Ohio-740,

*reversed on other grounds and remanded for re-sentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, In re: Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109.*

**{20}** In defining substantial step, the *Woods'* Court indicated that the act need not be the last proximate act prior to the commission of the offense. *Woods* at 131-32, 357 N.E.2d 1059. However, the act "must be strongly corroborative of the actor's criminal purpose." Id*.* at paragraph one of the syllabus. This test "properly directs attention to overt acts of the defendant which convincingly demonstrate a firm purpose to commit a crime, while allowing police intervention, based upon observation of such incriminating conduct, in order to prevent the crime when the criminal intent becomes apparent." *Woods*, supra at 132, 357 N.E.2d at 1063. In other words, a substantive crime would have been committed had it not been interrupted. Precisely what conduct will be held to be a substantial step must be determined by evaluating the facts and circumstances of each particular case. *State v. Group*, 98 Ohio St.3d 248, 262, 2002-Ohio-7247, 781 N.E.2d 980(2002), ¶100.

**{21}** In the case at bar, the evidence presented by the state included the testimony that Blair pushed South, brushed past her, and said he did not want to meet her, but he wanted to talk to her sister Paula Hackney. Blair then turned around and backed South up against the railing and started yelling at her and spitting in her face. March South testified,

> Um, well he put his hand out and he touched-he was I guess gonna choke me but he made contact with my throat with his hand. And I jerked back from him and the deputies were pulling him away from me.

T. at 75.

**{22}** Manfill, South and Hackney each testified that at the time Blair was aggressive and angry. At the very least, sufficient evidence was presented which if believed demonstrated Blair's intent to choke South had the deputies not intervened.

**{23}** In *Geboy v. Brigano,* 489 F.3d 752, 763(6th Cir. 2007), the Court observed,

> [A] variance in proof warrants the reversal of a conviction only if it "affect[s] the substantial rights of the accused." *Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314 (1935) (internal quotation marks omitted); *see also Chilingirian,* 280 F.3d at 712; *United States v. Zelinka,* 862 F.2d 92, 97 (6th Cir.1988). A defendant's substantial rights are affected where he is "prejudicially surprised" by the variance, or where it otherwise "prejudice[s] the fairness of [the defendant's] trial." *United States v. Miller,* 471 U.S. 130, 134-35, 105 S.Ct. 1811, 1814, 85 L.Ed.2d 99 (1985); *see also United States v. Ragen,* 314 U.S. 513, 526, 62 S.Ct. 374, 380, 86 L.Ed. 383 (1942); *Berger,* 295 U.S. at 82, 55 S.Ct. at 630; *Zelinka,* 862 F.2d at 97.

**{24}** The complaint and the bill of particulars filed in the case at bar gave Blair legal notice that he could be convicted upon proof beyond a reasonable doubt of "causing or attempting to cause physical harm." We conclude that Blair was sufficiently apprised of the crime he was charged with, assault.

**{25}** Upon careful review of the record, we are persuaded that the state adduced credible probative evidence on each element of the offense of assault that

would enable a reasonable juror to find that Blair, at the very least, took a substantial step in a course of conduct planned to culminate in the commission of assault. *State, ex rel. Squire v. Cleveland*, 150 Ohio St. 303, 345, 82 N.E.2d 709(1948); *State v. Woods*, supra.

**{26}** We hold, therefore, that the state met its burden of production regarding each element of the crime of assault and, accordingly, there was sufficient evidence to support Blair's conviction for assault.

> A fundamental premise of our criminal trial system is that 'the *jury* is the lie detector.' *United States v. Barnard,* 490 F.2d 907, 912 (9th Cir. 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' *Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891).

*United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267(1997).

**{27}** Although Blair cross-examined the witnesses and argued that South was as much at fault for the melee as Blair, and further that there was a lack of evidence that Blair had choked South, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180(1990).

**{28}** The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the

inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. Craig*, 10th Dist. No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) citing *State v. Nivens*, 10th Dist. No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* Franklin App. No. 02AP-604, 2003- Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. No. 02AP-1238, 2003-Ohio-2889, citing *State v. Caldwell* (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, supra.

{29} After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the convictions. The jury did not create a manifest injustice by concluding that Blair was guilty of the crime of assault.

{30} Based upon the foregoing and the entire record in this matter, we find Blair's conviction was neither against the manifest weight nor against the sufficiency of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before it. The jury heard the witnesses, evaluated the evidence, and was convinced of Blair's guilt.

**{31}** Appellant's first and second assignments of error are overruled in their entirety, and the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Gwin, J.,

Delaney, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

WSG:clw 0405

[Cite as *State v. Blair*, 2012-Ohio-1706.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| REGINALD BLAIR | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00223 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE